# Exhibit A



## PROCESS SERVER DELIVERY DETAILS

**Date:**                       Fri, Aug 23, 2024
**Server Name:**          Anthony Collins

| Entity Served | SAMSUNG ELECTRONICS AMERICA, INC. |
|---|---|
| Case Number | CC2406089B |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |



# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-24-06089-B**
COUNTY COURT AT LAW NO. 2
Dallas County, Texas

TO:

**SAMSUNG ELECTRONICS AMERICA, INC.**
**SERVE REGISTERED AGENT CT CORPORATION SYSTEM**
**85 CHALLENGER ROAD**
**RIDGEFIELD PARK, NJ  07660**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFFS ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."   Your answer should be addressed to the clerk of County Court at Law No. 2 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**MARLON AYALA**
*Plaintiff(s)*

VS.

**SAMSUNG ELECTRONICS AMERICA, INC.; T-MOBILE USA, INC., DBA METRO BY T-MOBILE**
*Defendant(s)*

Filed in said Court on the 20th day of August, 2024, a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 21st day of August, 2024 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____, Deputy
       Jasmine Autry



---

## ATTORNEY
### CITATION
**PLAINTIFFS ORIGINAL PETITION**

## CC-24-06089-B

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 2
Dallas County, Texas

MARLON AYALA,
*Plaintiff(s)*

VS.

SAMSUNG ELECTRONICS
AMERICA, INC.; T-MOBILE USA,
INC., DBA METRO BY T-MOBILE,
*Defendant(s)*

**SERVE:**
**SAMSUNG ELECTRONICS**
**AMERICA, INC.**
**SERVE REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**85 CHALLENGER ROAD**
**RIDGEFIELD PARK, NJ  07660**

**ISSUED THIS**
**21ST DAY OF AUGUST, 2024**

JOHN F. WARREN, COUNTY CLERK
BY: JASMINE AUTRY, DEPUTY

Attorney for Plaintiff
ISAAC SCOTT LIDJI
10440 N. CENTRAL EXPYSUITE 1240
DALLAS, TX  75231-2231
972-223-7455

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

Anthony Collins
PSC-357
2024/08/23  15:40:08

## OFFICER'S RETURN

CC-24-06089-B   County Court at Law No. 2

MARLON AYALA vs. SAMSUNG ELECTRONICS AMERICA, INC., T-MOBILE USA, INC., DBA METRO BY T-MOBILE

**ADDRESS FOR SERVICE:**
SERVE REGISTERED AGENT CT CORPORATION SYSTEM
85 CHALLENGER ROAD
RIDGEFIELD PARK, NJ  07660

**Fees:**
Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to SAMSUNG ELECTRONICS AMERICA, INC. in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFFS ORIGINAL PETITION with the date and service at the following times and places to-wit:

| **Name** | **Date/Time** | **Place, Course and Distance from Courthouse** |
|---|---|---|
| | | |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy     $_____     _____, Officer

Total    $_____          _____, County, Texas

By:_____, Deputy

_____, Affiant

FILED
8/20/2024 3:06 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-24-06089-B
_____

| | | |
|---|---|---|
| **MARLON CALDRON AYALA** | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| **Plaintiff,** | § | AT LAW NUMBER _____ |
| **vs.** | § | |
| | § | |
| **SAMSUNG ELECTRONICS AMERICA, INC.,** | § | |
| **AND T-MOBILE, USA, INC., dba METRO** | § | |
| **BY T-MOBILE** | § | |
| | § | |
| **Defendants,** | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiffs MARLON CALDRON AYALA bring this action against Defendants, SAMSUNG ELECTRONICS AMERICA, INC., LLC (herein after referred to as Defendant "SAMSUNG"), AND T-MOBILE USA, INC., dba METRO BY T-MOBILE (herein after referred to as Defendant "T-MOBILE") and file this his Original Petition and would show unto this Court the following:

**I.**
**PARTIES**

1.      Plaintiff **MARLON CALDRON AYALA**.  Plaintiff is a resident of Dallas County, Texas.

2.      Defendant, **SAMSUNG ELECTRONICS AMERICA, INC.,** is a foreign corporation duly authorized to conduct business in the State of Texas and may be served with process by serving its registered agent: CT Corporation System, 85 Challenger Road, Ridgefield Park, NJ, 07660.

**SERVICE IS REQUESTED UPON THIS DEFENDANT AT THIS TIME.**

3.      Defendant, **T-MOBILE USA, INC., dba METRO BY T-MOBILE** is a business with its headquarters in Richardson, Dallas County, Texas and is duly authorized to

**PLAINTIFF'S ORIGINAL PETITION**                                                        **- PAGE 1**

conduct business in the State of Texas and may be served with process by serving its registered agent: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas.

**SERVICE IS REQUESTED UPON THIS DEFENDANT AT THIS TIME.**

**II.**
**JURISDICTION AND VENUE**

6.      Pursuant to Section 24.007 of the Texas Government Code, this Court has jurisdiction over the subject matter of this cause.  The amount in controversy is within the minimum jurisdictional limits of this Court. Pursuant to Texas Civil Practices and Remedies Code Section 15.005 venue is proper in Dallas County, Texas because Dallas County, Texas is where Defendant's T-Mobile USA, Inc.'s principal office is located and/or is the county of the T-Mobile Store located on 2211 S. Beckley Avenue, Suite 105, Dallas, Texas 75224.

**III.**
**FACTS**

7.      On August 30, 2022, the Plaintiff received a call while operating his vehicle and the phone from Defendant T-Mobile that was designed and manufactured by Defendant Samsung when the Samsung phone blew up in his hear while in use, causing him to lose control of his vehicle and crash his vehicle.  The Plaintiff has suffered from hearing loss in his left ear as well as other serious and permanent injuries.    The Samsung Model Number of the Plaintiff's phone is SM2A025UZKATMK.   The IMEI number is 350603973584052.   The Serial number is R9PR503WA8J.

**IV.**
**STRICT LIABILITY AND NEGLIGENCE CLAIMS AGAINST SAMSUNG ELECTRONICS AMERICA, INC.**

8.      Plaintiff adopts and re-allege each paragraph above as if set forth herein.

**PLAINTIFF'S ORIGINAL PETITION**                                                      **- PAGE 2**

9.    Defendant Samsung designed, tested, manufactured, marketed, distributed, and sold the Samsung cell phone at issue.

10.    Defendants defectively designed, marketed, and distributed the cell phone, as follows:

a.    the cell phone at issue was defective because of a defective lithium battery designed by and/or approved by Samsung;

b.    Samsung should have used the appropriate computer analysis software to ensure safety in foreseeable battery explosions. Samsung had the technological capability to such computer programs; and

c.    Typical cell phones have been easily redesigned to eliminate the defects that cause cell phones to explode.

11.    Samsung breached its duty of care and were thus negligent by:

a.    failing to adequately monitor the performance of predecessor model cell phone batteries in the field to ensure that the designs were reasonably minimizing risk of exploding lithium batteries;

b.    designing the cell phone at issue to meet inapplicable and inadequate minimum government regulations, instead of safely designing the products to reasonably minimize risk of exploding lithium batteries;

c.    failing to establish design and performance objectives or standards for the cell phone's batteries to ensure that they were reasonably safe to reasonably minimize risk of exploding lithium batteries;

d.    failing to adequately test the cell phone batteries to ensure that they would be reasonably safe; and

e.    failing to use safer and feasible alternative designs, that would have prevented or significantly reduced the risk of the cell phone battery exploding, or increasing the risk of other injuries.

12.    The defects and/or acts or omissions of the Samsung cell phone at issue was a producing and/or proximate cause of the injuries suffered by the Plaintiff.

**VII.**
**CAUSES OF ACTION AGAINST**
**T-MOBILE USA, INC., dba METRO BY T-MOBILE**

13.     At the time of the collision, T-MOBILE sold the cell phone at issue to the Plaintiff at their retail establishment located at 2211 S. Beckly, Dallas, Texas 75224.

12.     T-MOBILE breached its duty to provide a safe product for the Plaintiff to operate, and in this case, safe produce meaning a cell phone that doesn't' blow up in the users face while in operation.   Plaintiff relied on T-MOBILE's staff and representatives that the cell phone at issue was safe for operation when it wasn't.

13.     Because T-MOBILE's product sold to Plaintiff exploded, T-MOBILE's negligence was one of the proximate causes of Plaintiff's injuries.

## V.
## DAMAGES FOR PLAINTIFFS

14.     Pursuant to the provisions of Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs allege that the damages sought by Plaintiffs are within the jurisdictional limits of the Court and Plaintiffs seek monetary relief over $1,000,000.00 and less than $5,000,000.00. Plaintiff further alleges that any award for damages is ultimately left to the purview of the jury. Therefore, Plaintiff seeks a judgment for all other relief to which Plaintiff may be entitled.

## VI.
## EXEMPLARY DAMAGES

15.     Defendants' actions were gross negligence when viewed objectively at the time of the occurrence and involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Defendants' consumers, such as the Plaintiff.

16.     Defendants had actual awareness of the risks involved and the benefits of the alleged safer designs, but nevertheless continued with a conscious indifference to the rights, safety, or welfare of its consumers.

**PLAINTIFF'S ORIGINAL PETITION**                                    **- PAGE 4**

17.     Therefore, exemplary damages should be assessed against Defendants and awarded to the Plaintiffs to deter them and other cell phone manufacturers and designers similarly positioned Defendants from consciously disregarding the rights, safety, and welfare of their consumers by designing and manufacturing defective and substandard safety features, including inferior cell phone batteries.

## VII.
## PRAYER

18.     Plaintiff, request that all Defendants be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiff recovers judgment of and from Defendants for their damages, together with the costs of this suit, pre-judgment and post-judgment interest, and such other and further relief to which Plaintiffs may be justly entitled.

## XIV.
## DOCUMENTS TO BE USED

19.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs intends to use all documents exchanged and/or produced between, by, or among any parties in this matter, including but not limited to, correspondence, discovery responses, and records (obtained via depositions upon written questions, by subpoena, by affidavit, or otherwise), during the trial of the above-entitled and numbered cause.  Moreover, Defendants are put on notice not to destroy any evidence, including, but not limited to reports, files, inter-office emails, intra-office emails, emails from the store from the corporate office, and/or any communication whatsoever related this incident.

**PLAINTIFF'S ORIGINAL PETITION**                                                      **- PAGE 5**

Respectfully submitted,

**The LIDJI Firm**


*/s/ I. Scott Lidji*
**I. Scott Lidji**
Texas Bar No. 24000336
scott@thelidjifirm.com
**Mary Jo R. Betzen**
State Bar No. 24089054
maryjo@thelidjifirm.com
Meadow Park Tower
10440 N. Central Expressway
Suite 1240
Dallas, Texas 75231
legal@thelidjifirm.com
(972) 223-7455 (Tel)
(214) 753-4751 (Fax)
(800) BADPILL (Toll free) (800) 223-7455
Website: BADPILL.COM
**ATTORNEYS FOR PLAINTIFF**